LINNEN *v.* KEN BROWN LEASING CORPORATION.

1. Contracts—Separate Documents—Incorporation by Reference.
    Document called "lessor's lease agreement," referred to by that name in another document called "vehicle lease order," but not more specifically identified, nor separately executed, nor affixed, and not made available to other party or mentioned by party furnishing vehicle lease order, *held*, not incorporated by reference in vehicle lease order.

References for Points in Headnotes
[1-4] 17 Am Jur 2d, Contracts § 263.

2. SAME—REFERENCE TO ANOTHER DOCUMENT.

Reference in document, furnished by one party, called "vehicle lease order," to another document called "lessor's lease agreement," the latter not being incorporated by reference, gives notice to other party that there is some other writing the provisions of which the party furnishing the vehicle lease order intends to be part of the final agreement of the parties.

3. SAME—FORMATION—COMPLETENESS OF AGREEMENT.

Parties who executed "vehicle lease order" which contained reference to another instrument called "lessor's lease agreement" which was sufficient to give notice to one party that the other party, who furnished the vehicle lease order form, intended the final agreement of the parties to include contents of lessor's lease agreement, but which was not sufficient to incorporate terms of lessor's lease agreement in vehicle lease order, *held,* not to have reached complete agreement and hence to have formed no contract.

4. SAME—RETURN OF DEPOSIT.

Deposit made by prospective lessee of automobile is ordered returned, where determination is made that no contract has been entered into for lease of a car.

Appeal from Common Pleas Court of Detroit; Kent (George D.), J.  Submitted Division 1 October 5, 1966, at Detroit.  (Docket No. 1,107.)  Decided December 8, 1966.

Declaration in assumpsit by William P. Linnen against Ken Brown Leasing Corporation, a Michigan corporation, for breach of contract.  Judgment for plaintiff.  Defendant appeals.  Reversed and remanded.

*Draugelis & Ashton,* for plaintiff.

*John R. Hocking,* for defendant.

LESINSKI, C. J.  Defendant appeals a judgment granted in the common pleas court of Detroit in favor of plaintiff in a suit for breach of contract.

Defendant, Ken Brown Leasing Corporation, operated an automobile leasing business. A few days prior to July 29, 1964, one Gerald A. McKelvey telephoned defendant and talked with L. Glen Wisely, an employee of defendant, about leasing autos for himself and plaintiff, William P. Linnen. Wisely, on July 29, 1964, wrote to plaintiff's business associate, McKelvey, supplying information regarding the automobile lease and the terms of the lease. Wisely met with plaintiff on August 20, 1964, and a "vehicle lease order" was signed by plaintiff. Also, on the same date, a credit statement was completed on plaintiff. On August 28, 1964, Wisely mailed an insurance questionnaire to plaintiff which was not returned to defendant until December 3, 1964, although dated October 1, 1964.

Defendant, upon checking with the insurance carrier that insured its cars, was advised that plaintiff was not acceptable because of his poor driving record. Plaintiff was then notified that if he wanted to lease a car he would have to provide his own insurance. Plaintiff refused to obtain his own insurance covering the car. Consequently, defendant refused to deliver the car unless plaintiff provided the required insurance. Plaintiff instituted the present suit alleging a breach of contract based upon the vehicle lease order previously discussed.

The legal theory presented can be summarized to the following: Plaintiff argues that the vehicle lease order is a contract which defendant breached, and for which breach plaintiff seeks damages. Defendant agrees that the lease order constituted a contract, but contends that the "lessor's lease agreement" which specified the conditions under which the defendant would provide insurance coverage was incorporated by reference into the contract, and precluded maintaining this action for breach of con-

tract. The lower court also found a contract in the vehicle lease order. It held there was no incorporation by reference as the lessor's lease agreement "was never made available to the plaintiff, not signed by the plaintiff, nor was anything said by the defendant to the plaintiff."

By reducing the controversy to its simplest terms, it becomes apparent that the actual question presented to this Court is whether the lease order form constituted a contract. It is not necessary for this Court to add still another definition of "contract" to the many which fill the volumes in law libraries. It is sufficient to state that in order to enforce an alleged agreement as a contract, the elements thereof must be present or capable of ascertainment. In the opening statement of his chapter entitled "Indefiniteness and Mistake in Expression," 1 Corbin, Contracts, § 95, p 393, Corbin says:

"In this subject [vagueness and indefiniteness of terms] the illustrative cases are innumerable; and they are of such infinite variety that no one of them can be regarded as a decisive precedent in a new case."

It thus becomes the task of the court to which the parties resort for enforcement of an alleged contract to determine if a contract exists, where the meaning of its terms is in dispute, and said terms are not unambiguous. We rely heavily upon Corbin, *supra,* at § 106, p 476, to illuminate the direction which our decision will follow.

"It is certain that the purpose of the court is in all cases the ascertainment of the 'intention of the parties' if they had one in common. The court may be convinced that they did so, in spite of their conflicting assertions in subsequent litigation. In cases in which the court is not so convinced, it must either hold that no contract was made (and determine

justice on some other basis), or that one of the parties is bound in accordance with the intention and understanding of the other party. The court adopts the latter alternative if (and only if) the one party knew or had reason to know the intention and understanding of the other and the latter had no reason to know that a difference existed. In determining whether a party 'knew or had reason to know,' the court must consider all of the relevant circumstances of the transaction."

Had the lease order here before the Court omitted any language referring to a "lessor's lease agreement," it might have been the basis for an enforceable contract. On the other hand, had the "lessor's lease agreement" been more specifically identified, separately executed or affixed, the defense of incorporation by reference would clearly be applicable to defeat this action. However, neither of the situations just hypothesized exists, and ambiguity replaces definiteness by the phraseology employed.

As to the issue of incorporation by reference, we must agree with the lower court. Although the principle is of continuing validity in many areas of the law in Michigan, it is neither pertinent nor applicable to the circumstances of the instant case.

However, the determination that the "lessor's lease agreement" is not incorporated by reference does not remove the provision from the vehicle lease order. Nor does this determination deny this provision all legal effect. Instead, its appearance in the order, signed by the parties, introduces ambiguity. It gives notice to the plaintiff that there is some other writing, the provisions of which defendant intended to be a part of the final agreement. In short, it shows that there was no contract because the parties never reached agreement on the terms under which they would be bound.

Reversed and remanded for entry of judgment consistent with this opinion. Trial court is directed to order return by defendant of plaintiff's $280 deposit. Costs to appellant.

J. H. GILLIS and HOLBROOK, JJ., concurred.